UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| ADAM B. SCHATTEN,                    | ) |                              |
|                                      | ) |                              |
|     Petitioner,  | ) |                              |
|                                      | ) |                              |
| v.                                   | ) | Civil Action No. 18-12066-LTS |
|                                      | ) |                              |
| STATE OF MASSACHUSETTS, et al.,      | ) |                              |
|                                      | ) |                              |
|     Respondents. | ) |                              |

ORDER

February 4, 2019

SOROKIN, D.J.

Pro se litigant Adam B. Schatten, who represents that he resides in Massachusetts, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and paid the $5.00 filing fee. The petition has not been served pending the Court's preliminary review of the pleading.[1] For the reasons set forth below, the Court DENIES the petition.

A United States District Court has jurisdiction under 28 U.S.C. § 2241 ("§ 2241") to grant a writ of habeas corpus to a petitioner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). [T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484

---

[1] See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent). See also Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," a court "must dismiss the petition"). Rule 4 may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

(1973).  To be "in custody" for habeas jurisdiction purposes, "a person need not be actually incarcerated," Gonzalez v. Justices of the Mun. Ct., 382 F.3d 1, 5 (1st Cir. 2004), vacated, 544 U.S. 918 (2005) (mem.), reinstated, 420 F.3d 5 (1st Cir. 2005), but he does need to be "subject to state-imposed 'restraints not shared by the public generally,'" id. (quoting Jones v. Cunningham, 371 U.S. 236, 240 (1963)).

Here, Schatten does not meet the "in custody" jurisdictional requirement of § 2241. Schatten describes his custody as "an American Citizen being denied a response to fair requests for representation to defend the Separation of Powers of the Constitution, the implied right of cloture as against a Most Destructive Influence, evidenced, and presented by facts, and support, as Knowledge of implication (KOI)."  Pet. at 1.  He further claims that he is "challenging the lack of a response by Massachusetts, to form of and assert the necessary Defence of the Constitution, whereby no Answer of the Law, and the lack of Duty to Inform the Court caused [him] . . . to defend of implied sovereignty, while suffering of impossible conditions without the Law.  Id. at 2.  While the petition lacks clarity, it is apparent that Schatten is dissatisfied with the sufficiency of responses he received from the office of the Commonwealth's Attorney General to his various inquiries and requests, including allegations of a direct threat to the United States Constitution cause by the conduct of President Trump.  Whatever the merits of these assertions, they do not support a conclusion that Schatten is "subject to state-imposed 'restraints not shared by the public generally.'"

Accordingly, the petition is DENIED for lack of jurisdiction and the Court orders that this action be DISMISSED.

SO ORDERED.

    /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE